## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) <br> ) <br> DERRICK J. MARTIN, JR. ) <br> SSN: XX-XXX-1032 ) <br> ) <br> Debtor. ) | Case No. 18-14487 KHT <br><br> Chapter 7 |
| ) <br> DAVID V. WADSWORTH, Chapter 7 ) <br> Trustee ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TWO RINGS PROPERTY ) <br> MANAGEMENT, LLC, a Colorado Limited ) <br> Liability Company ) <br> ) <br> Defendant. ) <br> ) | Ad. Pro. No. 18-_____ KHT |

## COMPLAINT

David V. Wadsworth, Chapter 7 Trustee, ("Plaintiff") by and through his attorneys Spencer Fane LLP, for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Derrick J. Martin, Jr. ("**Debtor**"), filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 18, 2018 ("**Petition Date**").

2. Plaintiff David V. Wadsworth is the duly appointed Chapter 7 Trustee in the Debtor's case ("**Trustee**").

3. Defendant Two Rings Property Management, LLC is a Colorado limited liability company with its principal business address of 2015 York Street, Denver, CO 80205.

1

4. Alexa S. Martin ("**Martin**") is the Debtor's non-filing spouse, and she is an individual resident of Colorado who resides at 23593 East Chenango Place, Aurora, CO 80016 ("**Chenango Property**").

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), (N) and (O).

## GENERAL ALLEGATIONS

8. On March 15, 2013, the Debtor caused Articles of Organization for Defendant Two Rings Property Management, LLC ("**Two Rings**") to be filed with the Colorado Secretary of State. A true and correct copy of the Two Rings Articles of Organization is attached hereto as **Exhibit A**.

9. On March 15, 2013, Martin executed the Operating Agreement of Two Rings as its sole member. A true and correct copy of the Two Rings Operating Agreement is attached hereto as **Exhibit B**.

10. At the time of its formation, Two Rings possessed no assets.

11. On December 28, 2016, the Debtor and his spouse Martin purchased the Chenango Property, as joint tenants.

12. On December 28, 2016, the Debtor and Martin also executed (but did not record) a Quitclaim Deed ("**Quitclaim Deed**") transferring complete ownership of the Chenango Property to Two Rings, allegedly for ten dollars ($10.00). A true and correct copy of the Quitclaim Deed is attached hereto as **Exhibit C**.

13. On December 28, 2016, the day the Quitclaim Deed was executed, the Debtor was a defendant in a lawsuit brought against him and others by Jeffrey Petty and Kathleen Petty ("**Petty's**"), which lawsuit was pending in Adams County (Colorado) District Court, case no. 15CVC30528 ("**Lawsuit**").

14. On February 15, 2017, judgment was entered in favor of the Petty's and against the Debtor in the Lawsuit.

15. Two days later and on February 17, 2017, the Quitclaim Deed transferring title of the Chenango Property from the Debtor and Martin to Two Rings was recorded with the Arapahoe County Clerk and Recorder's office ("**Chenango Property Transfer**").

## FIRST CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfer; 11 U.S.C. §§ 548(a)(1)(A) and 550 - Against Two Rings Property Management, LLC)**

16. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

17. The Chenango Property Transfer was made within two years prior to the Petition Date.

18. The Chenango Property Transfer was made with actual intent to hinder, delay, or defraud the Petty's, persons to whom the Debtor was or became, on or after the date that the Chenango Property Transfer was made, indebted.

19. Actual fraudulent intent is shown by, among other things, the following:

    a. No consideration was paid to the Debtor in exchange for executing the Quitclaim Deed;

    b. The Debtor testified at his Meeting of Creditors, conducted pursuant to 11 U.S.C. § 341(a), that he transferred his interest in the Chenango Property to Two Rings because he was being sued;

    c. Two Rings conducts no business vis-à-vis the Chenango Property;

    d. The Debtor and his family reside at the Chenango Property, and have done so continuously since the Chenango Property Transfer occurred; and

    e. The Debtor and Martin, not Two Rings, executed a deed of trust in favor of Great Western Bank encumbering the Chenango Property.

20. The Chenango Property Transfer is avoidable under 11 U.S.C. § 548(a)(1)(A) of the Bankruptcy Code.

21. Under § 550 of the Bankruptcy Code, Plaintiff is entitled to recover the Chenango Property Transfer or the value thereof from Two Rings.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## SECOND CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfer; 11 U.S.C. §§ 548(a)(1)(B) and 550 - Against Two Rings Property Management, LLC)**

22. Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

26. On the date of the Chenango Property Transfer:

     a.     The Debtor was insolvent;

     b.     The Debtor was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital; and

     c.     The Debtor intended to incur, or believed that it would incur, debts that would be beyond his ability to pay as such debts matured.

27.     Under § 550 of the Bankruptcy Code, Plaintiff is entitled to recover the Chenango Property Transfer or the value thereof from Two Rings.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Sale of Property Pursuant to 11 U.S.C. § 363(h))**

28.     Plaintiff incorporates the prior allegations of this Complaint as if fully restated herein.

29.     Once the Chenango Property is recovered pursuant to the Claims for Relief set forth herein, the Debtor's interest in the Chenango Property is preserved for the estate pursuant to 11 U.S.C. § 550, and the Plaintiff will have a one-half interest in and Two Rings will have a one-half interest in the Chenango Property.

30.     The legal description for the Chenengo Property is as follows:

LOT 32, BLOCK 1, TOLLGATE CROSSING SUBDIVISION FILING NO. 10, COUNTY OF ARAPAHOE, STATE OF COLORADO.

The Real Property or its address is commonly known as 23593 East Chenango Place, Aurora, CO 80016.

31.     Partition in kind of the Chenango Property between the Debtor's estate and Two Rings is impracticable.

32.     The sale of Plaintiff's undivided interest in the Chenango Property would realize significantly less for the bankruptcy estate than a sale of the Chenango Property free of the interests of Debtor and Two Rings.

33.     The benefit to the Debtor's bankruptcy estate from the sale of the Chenango Property free of the interests of the Debtor and Two Ring's interests outweighs the detriment, if any, to Debtor and Two Rings.

34.     The Chenango Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

WHEREFORE, Plaintiff prays that the Court:

a. Enter judgment in favor of Plaintiff and against the Defendant on each Claim for Relief set forth herein, in an amount to be determined at trial;

b. Enter judgment against Defendant pursuant to 11 U.S.C. § 550, preserving for the Estate the Debtor's one-half interest in the Chenango Property or in the alternative, for an amount equal to the value of the transfer alleged herein under 11 U.S.C. § 548, together with applicable pre-judgment interest, post-judgment interest, and costs;

c. Enter judgment and an order authorizing Plaintiff to sell all of Plaintiffs', the Debtors', and Two Rings' interest in the Chenango Property pursuant to 11 U.S.C. § 363(h);

d. Enter judgment awarding Plaintiff all costs and attorney's fees incurred; and

e. Enter judgment for such further and additional relief as the Court deems just and appropriate.

Dated:  December 5, 2018                **SPENCER FANE LLP**

By:   */s/ David M. Miller*
David M. Miller, #17915
1700 Lincoln Street, Suite 2000
Denver, CO  80203
Ph. (303) 839-3800
Fax (303) 839-3838
e-mail:  dmiller@spencerfane.com

ATTORNEYS FOR DAVID V. WADSWORTH, TRUSTEE

5