## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DERRICK J. MARTIN, JR. | ) | Case No. 18-14487-KHT |
| SSN: XX-XXX-1032 | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| DAVID V. WADSWORTH, Chapter 7 | ) | |
| Trustee | ) | |
| | ) | |
| Plaintiff, | ) | Ad. Pro. No.: 18-01413 KHT |
| | ) | |
| v. | ) | |
| | ) | |
| TWO RINGS PROPERTY | ) | |
| MANAGEMENT, LLC, a Colorado | ) | |
| Limited Liability Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/JUDGMENT ON THE PLEADING

COMES NOW, TWO RINGS PROPERTY MANAGEMENT, LLC, by and through its

attorney of record, Robert V. Salter, and respectfully requests this court deny the

Trustee/Plaintiff's Motion for Summary Judgment/Motion for Judgment on the Pleadings

("Motion") [Docket No. 12].

**INTRODUCTION.**

There are numerous genuine issues of material facts in this matter and the Trustee is not

entitled to judgment as a matter of law as will be set forth below. In sum, the Trustee contends

that because the Debtor transferred his legal interest in the Chenango property within two years

1

of filing bankruptcy, the transfer can be voided under §548(a)(1)(A) or (B) and recovered or preserved under §550, entitling him to sell the property under §363(h) and pay the estate one half of the proceeds.

The Trustee further contends that because the Defendant failed to specifically or generally deny the allegations of the Complaint in its Answer, that the allegations are deemed admitted and support a factual pattern for finding a fraudulent conveyance under §548, thereby allowing the voidance of the pre-petition transfer. However, the Defendant will seek leave to amend its Answer, not as an admission that it failed to generally deny the allegations of the Complaint, but to provide more specificity for the record.

In general, the Trustee's overall approach in this adversary action is that the Debtor transferred legal title to the Chenango property pre-petition by virtue of a Quitclaim Deed and that the Debtor cannot claim an exemption in the property. Therefore, the Trustee alleges that he can void the transfer and recover the Debtor's one-half interest in the property for the benefit of the estate. However, the Trustee ignores that fact that the Debtor and his non-filing spouse can claim a homestead exemption in the Chenango property by virtue of their equitable ownership and they are largely exempt from this process. The Trustee's approach is flawed, disregards Colorado precedent and ignores the many species of equitable ownership that Colorado courts have allowed owners, such as the Debtor here, to exempt as a homestead. As incorrectly noted in his Objection to Debtor's Exemptions [Dckt. # 26 at para. 9]  "…*in order to be entitled to claim the Colorado homestead exemption, the real property at issue must be titled in the Debtor's name."* and, "…*the Debtor does not possess any ownership interest in the Property, and is not entitled to any homestead exemption therein*."

2

The Trustee is blatantly wrong in his position that he can recover the Debtor's one-half interest in the Chenango property and it disregards a long line of cases in Colorado and the 10th Circuit that holds that a debtor can claim a homestead exemption in an equitable ownership, just as the Debtor can here having lived in the Chenango property since its purchase.  The Debtor intends to soon take further action to set aside the Order Sustaining the Trustee's Objection to Certain of Debtor's Exemptions [Dckt. # 55] based upon well-established case law.

Therefore, because there are numerous genuine issues of material facts and because the Trustee is not entitled to the judgment he seeks as a matter of law, the Trustee's Motion should be denied and the Debtor should be awarded his reasonable attorney's fees and costs incurred in defending this adversary action and the present Motion.

**RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS PURSUANT TO L.B.R. 7056-1(b)(4).**

Defendant addresses the Trustee's Statement of Facts as follows**:**

1.  Defendant does not dispute Plaintiff's Fact No. 1.

2.  Defendant does not dispute Plaintiff's Fact No. 2.

3.  Defendant does not dispute Plaintiff's Fact No. 3.

4.  Defendant does not dispute Plaintiff's Fact No. 4.

5.  Defendant does not dispute Plaintiff's Fact No. 5 except to state that the Quitclaim Deed did not transfer complete ownership of the Chenango Property to Two Rings as the Debtor and his spouse continued to hold equitable ownership in the Property.

6.  Defendant does not dispute Plaintiff's Fact No. 6.

3

7. Defendant disputes Plaintiff's Fact No. 7 and states that the formal judgment in the Petty Lawsuit did not exist on February 15, 2017, only jury verdicts, as the formal judgment was not entered until ten (10) months later on December 10, 2017 nunc pro tunc.

8. Defendant does not dispute Plaintiff's Fact No. 8.

9. Defendant does not dispute Plaintiff's Fact No. 9, except to state that the transfer of property did not include a transfer of equitable interest.

10. Defendant disputes Plaintiff's Fact No. 10 as there is no evidence of the Debtor's intent.

11. Defendant disputes Plaintiff's Fact No. 11 as to the alleged showing of fraudulent intent, except agrees with subsection (d.) that he Debtor and his family have continuously resided at the Chenango Property.

12. The Defendant disputes Plaintiff's Fact No. 12 insofar as the Debtor had the right to claim a homestead in his equitable ownership in the Chenango Property and the other facts alleged therein are largely irrelevant.

13. Defendant disputes Plaintiff's Fact No. 13 insofar as the Trustee makes a blatant misrepresentation to the Court that the Debtor listed the Petty Judgment in his schedules at Dckt.# 1, p. 31 and "did not list that debt as disputed, contingent or unliquidated", when in fact the debt is clearly listed as "disputed".

14. Defendant disputes Plaintiff's Fact No. 14 as it is merely a recitation of what the Trustee hopes to accomplish in this action and is not a fact. Instead, even assuming arguendo that the conveyance was voided, the property would be returned to the

Debtor and his spouse who claim a homestead exemption in their equitable ownership of the same.

15. Defendant does not dispute the Plaintiff's Fact No. 15.

16. – 19. Defendant disputes Plaintiff's Facts Nos. 16-19 as all are based upon conjecture and not facts or evidence.

## GENUINE ISSUES OF FACT AND LAW PREVENTING SUMMARY JUDGMENT OR JUDGMENT ON THE PLEADINGS.

Defendant is an entity owned by the spouse of debtor Derrick J. Martin, Jr. who filed his voluntary petition for Chapter 7 relief of the Bankruptcy Code on May 23, 2018. David V. Wadsworth filed an adversary proceeding against Defendant on December 5, 2018. In his Motion the Trustee alleges that the property identified as the Chenango Property, located at 23593 East Chenango Place, Aurora, CO 80016, was fraudulently transferred by the Debtor and his non-filing spouse to Defendant, Two Rings Property Management, LLC ("Defendant" or "Two Rings") on December 28, 2016, the day the property was purchased by the Martins, by a Quit Claim Deed executed by both Mr. and Mrs. Martin and later recorded on February 17, 2017 two days after judgment was entered against the Debtor, Derrick Martin Jr. in the Petty Lawsuit in Adams County Colorado District Court, Case No. 15CV30528.

However, the judgment in the Lawsuit was not actually entered until nearly a year later on December 10, 2018 which was entered nunc pro tunc. Therefore, there is at the very least a genuine issue of fact as to the exact date of the entry of judgment and what documents existed in the Lawsuit of which the parties were aware. There also exists a genuine issue of fact as to the

Debtor's actual intent when he transferred the Chenango property on December 28, 2016 and/or on February 17, 2017. Certainly, the Debtor was aware of the lawsuit and the jury verdicts, but he was not absolutely aware of the actual and final amounts.

Facts surrounding the creation of Two Rings back in 2013 are important to examine as well such as what was the Debtor's (and his wife's) intent when the LLC was created, why it was created and why they transferred the title to Chenango on the date of purchase even if it was by an unrecorded Quit Claim deed at that point. The Trustee boldly alleges that the transfer of the Chenango property that occurred when the Quit Claim deed was actually recorded qualified as a fraudulent transfer made with an "actual intent to hinder, delay, or defraud" any entity to which the debtor was or became indebted.  However, as stated above, the Debtor did not even know the potential amount of the judgment from the Lawsuit and would not know it for at least ten more months. There is at the very least a question of fact as to what the Debtor's actual intent was at the time, whether he and his wife were acting on advice of counsel and why did it take one and a half months to actually record the Quit Claim deed.

There is also a question of fact as to what the Debtor believed was the value of the Chenango property for purposes of applying the §548(a)(1)(B) analysis. The Trustee alleges that the Debtor transferred his equal one-half interest in the property for no consideration. The property was purchased for $463,935.00 on December 28, 2016 with a $350,000.00 loan from Great Western and a $111,387.79 down payment. If the Debtor believed he and his wife had a $105,000.00 homestead exemption in the property due to his disability (an issue in and of itself that will be contested and argued herein and in other pleadings) then the greatest possible equity beyond the mortgage and homestead exemption could only amount to about $8,935.00, one half

6

of which (or $4,467.50) would be available to the Debtor's creditors; an amount prohibitive of an actual sale of the property given the costs of sale, etc.

Therefore, two very important issues must be examined by this Court at trial and in testimony: 1) did the Debtor intend to hinder, delay or defraud the Petty's when he executed and recorded the Quit Claim deed (§548(a)(1)(A), and: 2) did the Debtor receive less than a reasonably equivalent value in exchange for the transfer (§548(a)(1)(B). These two fact issues alone prevent the entry of summary judgment or a judgment on the pleadings at this juncture.

In addition, the Trustee contends that the Debtor's statement in his §341 meeting that he "transferred his interest in the Chenango Property to Two Rings because he was being sued" (See Motion at page 10) indicates an intent to defraud, hinder or delay his creditors or the Petty's. This was simply a statement made by a lay person and is not necessarily an admission of any intent whatsoever. Perhaps the Debtor believed the transfer was necessary for estate planning purposes. Perhaps he thought it was a legitimate transfer and had no idea it would be viewed as a fraudulent conveyance. Perhaps he was acting on advice of counsel at the time of the creation of the Quit Claim deed in December 2016 when the Petty case had yet to go to trial, and when the Quit Claim deed was recorded.

In the end, the transfer of the Debtor's interest in Chenango had no affect upon the Debtor's (and his spouse's) right to claim a homestead exemption in the property, and the transfer certainly did not put the ownership, either legally or equitably in the control of the Trustee, the estate or its creditors. The Martins have the right to claim their homestead in the property because they have occupied the property as their residence since purchasing it in late

7

December 2016.  Whether they transferred legal title to Two Rings pre-petition is of no consequence to their homestead exemption and did not provide a windfall to the Trustee or the estate.

**LEGAL ANALYSIS.**

The Trustee's position in this matter is directly in conflict with Colorado and 10th Circuit precedent. In *Parr v. Rodriquez (In re Parr),* BAP No. CO-17-021 the court reversed a bankruptcy court's order denying the debtor a homestead exemption and sustaining the trustee's objection to the homestead exemption. The BAP held that, as a matter of Colorado law, an otherwise qualified Colorado debtor may exempt a homestead interest in property that is held in a self-settled revocable living trust, much like the limited liability company established by the Martins in this case.  The *Parr* case was remanded for a determination as to whether the debtor occupied the property in question and whether the debtor qualified for an increased homestead amount under COLO. REV. STAT. § 38-41-201 (2)(b). Here, the Trustee has already acknowledged that the Debtor and his spouse have occupied the property, stating: "[c]learly, the Debtor and Mrs. Martin maintained control over the Chenango Property as their personal residence." See page 9 of Motion. (In re Parr, BAP No. CO-17-021 cited under FRAP 32.1(a)).

The Parr decision is the latest in a long line of Colorado and 10th Circuit decisions recognizing that a homestead can be claimed in an equitable interest in property "if the homestead is occupied as a home by an owner thereof."  COLO. REV. STAT. § 38-41-201 (1)(a).

8

The Colorado Supreme Court and lower appellate courts have recognized that, to be exempt, an individual's ownership is not necessarily limited to a fee interest. The Colorado Supreme Court and lower appellate courts have recognized that, to be exempt, an individual's ownership is not necessarily limited to a fee interest. See *Dallemand v. Mannon*, 35 P. 679, 681 (Colo. App. 1894) (holding equitable title, a lease for a term of years, or any title which may be subject to levy and sale, may be claimed exempt as homestead); *Brooks v. Black*, 123 P. 131, 134 (Colo. App. 1912) (holding possessor of land under an executory contract of purchase may claim homestead exemption). See also *In re Hellman*, 474 F. Supp. 348, 350 (D. Colo. 1979) (holding Colorado law allows husband and wife to exempt leasehold interest in home; fee interest is not required); *In re Wells*, 29 B.R. 688, 690 (Bankr. D. Colo. 1983) (determining debtor who occupied half of a duplex and rented other half out did not impair debtor's right to exempt the equity in the entire structure); *In re Parrish*, 19 B.R. 331, 333 (Bankr. D. Colo. 1982) (homestead exemption available to homeowners and nonhomeowners alike).

In *Parr*, the bankruptcy court agreed with the Trustee's contention that because the Living Trust, and not Parr, had legal title to the Englewood Property on the petition date, Parr could not exempt it as his homestead. According to the BAP, "this holding disregards Colorado precedent concerning the ownership a settlor of a self-settled revocable trust holds. It also ignores the many species of equitable ownership that Colorado courts have allowed owners to exempt as a homestead." See, *Parr* at p. 4.

> [a]n equitable owner of real estate may occupy and hold the same as his homestead, subject to all the rights, privileges, immunities and disabilities given and imposed by the homestead exemption laws. (Following Tarrant v. Swain, [15 Kan. 146 (1875)].) And being in the actual occupancy of the land, all persons must take notice of his homestead interests.

9

Colorado appellate courts have long held that individuals maintaining an equitable ownership interest in their residence may, if they are otherwise qualified to do so, claim a homestead exemption despite not holding legal title to their domicile. In *Brooks v. Black*, Black conveyed his residence to his wife who, in turn conveyed the property to a corporation who gave her in return a "bond for deed" by which it agreed to reconvey it to her when she had repaid certain funds. She and Black continued to occupy the residence. When Brooks obtained a judgment against Black, Brooks executed and Mrs. Black promptly asserted that the property was her homestead. The Court of Appeals of Colorado held that neither fraudulent conveyance aspects of Black's deed to Mrs. Black nor the corporation's legal title to the property was an obstacle to her claiming the homestead exemption. Answering whether Mrs. Black could claim a homestead in property she was purchasing on a bond for deed, the court stated:

> The nature or extent of the estate or interest of the occupant that may be sheltered under the provisions of the act i provisions of the act is not specified or limited. Any interest with possession is sufficient to support the homestead right. Nor is the character of the title limited in any other respect than that it shall be of record. *Id.* at 134.
>
> In another early case, the same court held that a cotenant residing on property could successfully assert a homestead in it. The court stated, "[i]t has been repeatedly, and, in so far as we know, uniformly, held that an ownership in fee is not essential; that an equitable title, a lease for a term of years, or any title which may be the subject of levy and sale may also be the subject of a homestead claim . . . .

The case, *In re David Hill* (Stornawaye Financial Corporation v. Hill), 562 F.3d (1st Cir. 2009) addressed the debtor's right to claim a homestead exemption on property that was the subject of a prepetition fraudulent conveyance where the title to the property was returned to the

debtor prior to the bankruptcy filing in face of pressure by a creditor. The court found that if, the trustee disputes whether the real estate was debtor's homestead, there is a genuine issue of material fact for trial on the homestead issue. If trustee agrees that the real estate was debtor's homestead, trustee is not entitled to judgment as a matter of law – because debtors have a legal right to convey exempt property regardless of their motive. Citing, *In re Vohres*, Bankr.N.D. Iowa Feb. 5, 2018, No. 16-1577.  See also *Sergeant v. G.R.D. Invests. L.L.C. (In re Schaefer)*, 331 B.R. 401, 415 (Bankr. N.D. Iowa 2005) (discussing Iowa fraudulent transfer law and noting, "If property is already beyond the reach of creditors, it is difficult to imagine a transfer of property that operates to the prejudice of the rights of creditors.").

**CONCLUSION.**

In this adversary proceeding, the Trustee is attempting to parlay the Debtor's prepetition transfer of the Chenango property to Two Rings into an absolute transfer of both legal and equitable title to the property under the auspices of the fraudulent conveyance sections of §548. Whether or not the conveyance by Quitclaim deed was "fraudulent" or not is not germane to the issue at hand, and does not translate into a situation where the Trustee can recover the Debtor's one-half of his interest in the property. The Debtor and his spouse still maintain the right to claim an equitable ownership in the property as is well-established in the 10th Circuit. Therefore, the Trustee is not entitled to the relief he seeks and at the very least there exists many questions of fact and issues of law that prevent the entry of summary judgment or judgment on the pleadings at this point. Defendant requests that the Motion be denied and that it be awarded its reasonable attorney's fees and cost incurred in defending this action and Motion based upon the fact that the

Trustee has taken action adverse to long-established Colorado case law (see Brooks v. Black,

Colo. App. 1912) and has made several misrepresentations of the Debtor's position to this Court.


RESPECTFULLY SUBMITTED this 14th day of June, 2019.

/s/ *Robert V. Salter*

Allstate Law Center, P.C.
ROBERT V. SALTER Reg.: 36820
12835 E. Arapahoe Rd., Tower I – Suite 200
Centennial, Colorado  80112
(720) 386-6025/ Fax No.: (303) 583-9043
E-mail: roberts@allstatelawcenter.com

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of Defendant's **Response to Plaintiff's Motion for Summary Judgment/Motion for Judgment on the Pleadings** were delivered this 14th day of June, 2019, as follows:

David V. Wadsworth, II
Chapter 7 Trustee
2580 W. Main St.
Littleton, CO 80120
[via ECF filing]

David M. Miller
Spencer Fane LLP
1700 Lincoln St., #2000
Denver, CO 80203
[via ECF filing]

U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout St., #12-200
Denver, CO 80294-1961
[via ECF filing]


DATED: 06/14/2019                                    \s\ Robert V. Salter_____